**Hilario Guzman TRUJILLO,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–71423.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2013.\*

Filed Jan. 16, 2013.

Alfredo Garcia Flores, Esq., Huntington Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, BEA, and NGUYEN, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

**628**

MEMORANDUM **

Hilario Guzman Trujillo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, and review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We review for abuse of discretion the agency's determination that an alien was convicted of a particularly serious crime. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir.2012). We deny the petition for review.

The IJ correctly determined that Guzman Trujillo's conviction under California Penal Code § 288(a) is an aggravated felony that renders him ineligible for asylum. *See* 8 C.F.R. § 1208.13(c)(2)(D) (alien who files asylum application prior to April 1, 1997, is ineligible if convicted of an aggravated felony); *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir.1999) (section 288(a) is categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(A)).

The IJ did not abuse her discretion when she determined that Guzman Trujillo's conviction is a particularly serious crime that renders him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). The record reflects that Guzman Trujillo was sentenced to state prison for engaging in significant sexual contact with a child of eight over a period of months. *See Arbid*, 700 F.3d 379 at 384 (particularly serious crime determinations are informed by a series of factors, including the nature and underlying facts of the conviction, and the type of sentence imposed).

Substantial evidence supports the IJ's determination that Guzman Trujillo did not establish it is more likely than not that he would be tortured if he returned to Guatemala. *See Wakkary*, 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).